IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DWAYNE AIRY, | No. C 06-5462 CRB (PR) |
| Petitioner, | **MEMORANDUM AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS** |
| v. | |
| SCOTT KERNAN, Acting Warden, | |
| Respondent. | |

Petitioner, a state prisoner incarcerated at California State Prison, Sacramento in Represa, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254, claiming that his sentence violates the constitutional proscriptions against cruel and unusual punishment.

## BACKGROUND

Petitioner pleaded guilty to possession of cocaine base in the Superior Court of the State of California in and for the County of Santa Clara. He also admitted having suffered three prior strike felony convictions and having served three prior prison terms. On January 6, 2005, he was sentenced to 25 years to life plus three consecutive one-year enhancements in state prison pursuant to California's Three Strikes law.

Petitioner unsuccessfully appealed his conviction and sentence to the California Court of Appeal and the Supreme Court of California, which on February 8, 2006 denied review. He then filed the instant federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. Per order filed February 26, 2007, the court found that the petition, when liberally construed,

stated a cognizable claim under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer to the order to show cause and Petitioner has filed a traverse.

## DISCUSSION

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. §

2

2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Williams, 529 U.S. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application fo Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

B.   Claim and Analysis

Petitioner claims that his 28-years-to-life sentence under California's Three Strikes law constitutes cruel and unusual punishment in violation of the Eight Amendment.

"The Eight Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Ewing v. California, 538 U.S. 11, 23 (2003) (citations omitted). For purposes of federal habeas review, the gross disproportionality principle is "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework" under 28 U.S.C. § 2254(d)(1). Lockyer v. Andrade, 538 U.S. 63, 73 (2003). A sentence will be found grossly disproportionate only in "exceedingly rare" and "extreme" cases. Id.

In judging the appropriateness of a sentence under a recidivist statute, a court may take into account the government's interest not only in punishing the offense of conviction, but also its interest in dealing in a harsher manner with those who are repeat criminals. Rummel v. Estelle, 445 U.S. 263, 276 (1980). The Eighth Amendment does not preclude a state from making a judgment that protecting the public safety requires incapacitating criminals who have already been convicted of at least one serious or violent crime, as may occur in a sentencing scheme that imposes longer terms on recidivists. See Ewing, 538 U.S. at 29-30 (upholding 25-years-to-life sentence for recidivist convicted of grand theft).

In determining whether a sentence is grossly disproportionate under California's Three Strikes law, the court looks to whether such an "extreme sentence is justified by the gravity of [an individual's] most recent offense and criminal history." Ramirez v. Castro, 365 F.3d 755, 768 (9th Cir. 2004). In considering the relevance of the criminal history, a

1    court must consider the "factual specifics" of an individual's priors to determine whether the
2    conduct involved violence or was particularly serious. <u>Reyes v. Brown</u>, 399 F.3d 964, 970
3    (9th Cir. 2005).  Not every case warrants a life sentence for a three strikes offender.
4    <u>Compare</u> <u>id.</u> (holding sentence of 25 years to life on petty theft with prior conviction was
5    grossly disproportionate to crime where previous two strikes were the result of one
6    negotiated plea resulting in a single county jail sentence) <u>with</u> <u>Rios v. Garcia</u>, 390 F.3d 1082,
7    1086 (9th Cir. 2004) (sentence of 25 years to life not grossly disproportionate for conviction
8    of petty theft with a prior when defendant struggled with guard to prevent apprehension and
9    prior convictions of robbery involved threat of violence "because his cohort used a knife").

10       Here, Petitioner was sentenced pursuant to California's Three Strikes law, which is
11   triggered when a defendant is convicted of a felony, and has suffered one or more prior
12   "serious" or "violent" felony convictions.  <u>See</u> Cal. Penal Code § 667(e)(2)(A).  Under the
13   three strikes sentencing scheme, any felony conviction can constitute the third strike and
14   subject a defendant to a sentence of 25 years to life in prison.  <u>See</u> <u>id.</u>

15       Petitioner's triggering offense was possession of cocaine base, properly charged as a
16   felony under California law.  <u>See</u> Cal. Health & Safety Code § 11350(a); <u>see also</u> Cal. Health
17   & Safety Code § 11055(b)(6) (listing cocaine as a Schedule II drug).  His criminal history is
18   quite lengthy and involves multiple crimes of violence.  Petitioner's probation report showed
19   that his three prior strike offenses included:  (1) a 1989 conviction for robbery where he and
20   a co-defendant held up an auto parts store; (2) a 1980 conviction for robbery where he took
21   money from the victim by force or fear; and (3) a 1973 conviction for residential burglary
22   where he entered a house at 3:00 a.m., repeatedly raped and forcibly orally copulated a 19-
23   year-old victim, pulled out a chunk of her hair, and took money from her purse.  CT 276.  In
24   addition to these strikes, Petitioner has an extensive criminal history, spanning more than
25   three decades including, possession of controlled substance, possession of controlled
26   substance for sale, petty theft with priors, indecent exposure, robbery, burglary, failure to
27   register as a sex offender, driving under the influence, and felony probation violations.  <u>See</u>
28   <u>id.</u>; <u>see also</u> <u>People v. Airy</u>, No. H028336, slip op. at 15 (Cal. Ct. App. Nov. 29, 2005) (Pet.

4

1 Ex. A, App. A) ("[D]efendant's criminal history began in 1969 and continued into the 1990s
2 with convictions for theft, robbery, burglary, drug offenses, and failure to register as a sex
3 offender."). Moreover, Petitioner was on parole when he committed the current triggering
4 offense. Id.

5       Based on Petitioner's history of criminal recidivism, which includes multiple crimes
6 of violence, his life sentence cannot be said to be grossly disproportionate in violation of the
7 Eighth Amendment. See Rios, 390 F.3d at 1086. The Ninth Circuit's recent opinion in
8 Taylor v. Lewis, 460 F.3d 1093 (9th Cir. 2006), makes this conclusion clear. In Taylor, the
9 court upheld a three strikes life sentence for possession of .036 grams of cocaine because
10 Taylor's priors, like Petitioner's priors in this case, involved crimes of violence. See 460
11 F.3d at 1101-02.

12       The California Court of Appeal's rejection of Petitioner's Eighth Amendment claim
13 was not contrary to, or involved an unreasonable application of, clearly established Supreme
14 Court precedent. See 28 U.S.C. § 2252(d). Petitioner is not entitled to federal habeas relief
15 on his Eight Amendment claim.

## CONCLUSION

17 After a careful review of the record and pertinent law, the court is satisfied that the
18 petition for a writ of habeas corpus must be DENIED.

19 The clerk shall enter judgment in favor of respondent and close the file.

20 **IT IS SO ORDERED.**

22 Dated: March 26, 2008

                        CHARLES R. BREYER
23                         UNITED STATES DISTRICT JUDGE

26 G:\CRBALL\2006\5462\Airy.denial.wpd v.3.wpd